Wilmer J. Harris, SBN 150407
wharris@sshhlaw.com
Stephanie T. Yu, SBN 294405
syu@sshhlaw.com
**SCHONBRUN SEPLOW**
**HARRIS & HOFFMAN LLP**
715 Fremont Ave., Suite A
South Pasadena, CA. 91030
Telephone No.: (626) 441-4129
Facsimile No.: (626) 283-5770

Surisa Rivers, SBN 250868
surisa@riverslawinc.com
Sarah Gross, SBN 292170
sarah@riverslawinc.com
**RIVERS LAW, INC., APC**
2600 Foothill Blvd. Suite 203
La Crescenta, CA 91214
Phone: (818) 330-7012
Fax: (213) 402-6077

Attorneys for Plaintiff Javier Guerrero

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAVIER GUERRERO, a minor by and through his Guardians ad Litem, JOSE GUERRERO and MARTHA FLORES,<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, a public entity, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:19-CV-1268<br><br>**COMPLAINT FOR DAMAGES**<br><br>1) THE AMERICANS WITH DISABILITIES ACT OF 1990;<br>2) SECTION 504 OF THE REHABILITATION ACT OF 1973<br>3) UNRUH CIVIL RIGHTS ACT;<br>4) CALIFORNIA GOVERNMENT CODE SECTION 11135;<br>5) 42 U.S.C. SECTION 1983 (EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT);<br>6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; |

COMPLAINT

7) NEGLIGENCE;

8) ARTICLE I, SECTION 7(A) & ARTICLE IV, SECTION 16(A) OF THE CALIFORNIA CONSTITUTION

**DEMAND FOR JURY TRIAL**

---

COMPLAINT

PLAINTIFF, Javier Guerrero, through his guardians ad litem, allege as follows:

## INTRODUCTION

1. Plaintiff submits this complaint for the violation of his civil rights, intentional infliction of emotional distress, and negligence based upon the Defendants' violations of California and Federal laws.

2. Plaintiff, a student with Down Syndrome, has speech and language delays due to the severity of his disability. Plaintiff, like too many other children at Special Education Centers within Los Angeles Unified School District (the DISTRICT), has been warehoused by the DISTRICT and not provided services related to speech and language therapy including augmentative and alternative communication (AAC), occupational therapy (OT), physical therapy (PT), or behavioral interventions to allow him to access his education.

3. Additionally, each year Plaintiff has been forced to attend school within the DISTRICT, he has not been permitted—without any basis—to attend school with any nondisabled children.

4. The DISTRICT's failure to ensure effective communication with Plaintiff, to provide auxiliary aids to allow Plaintiff the equal opportunity to access his educational program, and the DISTRICT's forced segregation of Plaintiff constitute separate violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, among other disability laws.

5. Plaintiff timely filed Tort Claims Notices under Government Code section 910 *et seq.* Defendants rejected the Tort Claims Notice on August 21, 2018.

6. Due to both the nature of Plaintiff's disabilities, Plaintiff is at this point unable to describe all of the mistreatment directed at Plaintiff and the exact length of time the mistreatment was endured. Plaintiff expressly reserves his right to amend this Complaint to include additional facts and/or claims as discovery as

this case proceeds.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1367 for claims arising under the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et seq.*, 1343 for claims arising under the United States Constitution, and for claims arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. sections 794, *et seq.*

8. Under the doctrine of pendant and supplemental jurisdiction, 28 U.S.C. section 1367, this Court has jurisdiction over Plaintiff's claims arising under California state law.

9. This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. sections 2201 and 2202.

## VENUE

10. Pursuant to 28 U.S.C. section 1391(b), venue is proper in the district in which this Complaint is filed, which is the judicial district in which the claims have arisen, the Central District of California.

## PARTIES

11. Plaintiff is a seventeen-year-old student diagnosed with Down Syndrome. Plaintiff has a history of Down Syndrome, developmental delays, asthma, and strabismus (in both eyes). As a result of his Down Syndrome, he has a severe impairment in speech and language and cognitive impairments, among other disabilities.

12. Plaintiff lives within the LOS ANGELES UNIFIED SCHOOL DISTRICT boundaries. He resides in Pacoima, California with his parents Martha Flores and Jose Guerrero. He is a person with a disability at all times referenced herein within the meaning of all applicable state and federal disability non-discrimination laws. This action is brought by Plaintiff's parents on his behalf as his guardians ad litem.

13. Plaintiff currently attends Charles Leroy Lowman Special Education Center within LOS ANGELES UNIFIED SCHOOL DISTRICT (the DISTRICT). He has been receiving special education services since 2004.

14. Defendant the DISTRICT is a local government entity within the meaning of Title II of the ADA, is a recipient of federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, and has at least 50 employees. The DISTRICT is also the recipient of financial assistance from the State of California. Presently, and at all times relevant to this Complaint, the DISTRICT was and is a business establishment within the meaning of the Unruh Civil Rights Act. The DISTRICT is sued in their own right and on the basis of the acts of their officials, agents, and employees.

15. The names and capacities, whether individual, corporate, otherwise, sued herein as DOES 1-10, inclusive, are presently unknown, and Plaintiff will amend the Complaint to insert them when ascertained. Plaintiff is informed and believes and thereon alleges that each of these Defendants was a resident of this district and/or has principal offices or was doing business in this district and was and is responsible in some way for the events and damages alleged in this Complaint.

16. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and at all times acting and performing, or failing to act or perform, within the course and scope of each similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, other is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts

or omissions of each of the other Defendants, as herein described.

17. Hereafter, references to "Defendants" shall include Paragraphs 14–16, inclusive, above.

## FACTUAL ALLEGATIONS

18. Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs, as though fully set forth herein.

19. Defendants committed several acts against Plaintiff throughout the time period of 2004 to present. Plaintiff, like too many other children at Special Education Centers within the DISTRICT, has been warehoused by the DISTRICT and not provided services related to speech and language therapy including augmentative and alternative communication (AAC), occupational therapy (OT), physical therapy (PT), or behavioral interventions to allow him to access his education.

20. From 2004 to present, Plaintiff attended school within the DISTRICT. Although Javier has been eligible for special education since entering preschool within the DISTRICT to the present, the DISTRICT has not conducted *any* formal assessments of him. As a result, the DISTRICT did not have sufficient data regarding Plaintiff's unique needs and progress with which to develop his annual Individualized Education Plans (IEPs) for almost ten years.

21. Additionally, despite Plaintiff being nonverbal and presenting with significant communication needs he has never been offered reasonable accommodations to allow him effective communication at school. For example, Javier has been denied the right to develop his communication abilities through the use of augmentative and alternative communication (AAC).

22. Since 2004, Plaintiff's IEPs have noted that Plaintiff has communication goals requiring the use of AAC systems. Although Plaintiff began receiving direct Language and Speech (LAS) services from June 2006 to June 2009, he was transitioned to indirect LAS services in June 2009. In May 2017,

1  Plaintiff was re-evaluated for direct LAS services and transitioned to direct LAS
2  services per his June 2017 IEP. Plaintiff has shown much improvement since
3  transitioning back to direct LAS services.

4      23.    Javier's parents requested that the DISTRICT assess Javier to
5  determine his communication needs at an IEP meeting on February 15, 2017. The
6  DISTRICT did not present their assessment until June 2, 2017, which was
7  incomplete and recommended further "trials" with different communication
8  devices before a recommendation would be made. Javier's parents informed the
9  DISTRICT that Javier was using an iPad at home for communication purposes
10 and would provide that iPad to be used at school. The DISTRICT refused to
11 implement the use of an iPad at school for Javier due to the costs, despite Javier's
12 parents offering to provide the iPad. The DISTRICT had still not conducted any
13 further "trials" by the February 20, 2018 IEP meeting. Without any reliable or
14 consistent way of communicating, Javier is forced to experience frustration,
15 humiliation and sadness at school, often expressed through inappropriate and
16 disruptive behaviors that his teachers report impede his learning.

17     24.    Additionally, each year Plaintiff has been forced to attend school
18 within the DISTRICT, he has not been permitted—without any basis—to attend
19 school with any nondisabled children. Between 2004 to present, the DISTRICT
20 continued to place Plaintiff with only disabled students without discussing or
21 considering any more integrated placements. Instead, each year the DISTRICT
22 offered only the most segregated setting available within the DISTRICT. As a
23 result, Plaintiff remains within this fully segregated setting.

24     25.    On April 5, 2018, Plaintiff's parents filed a request for a due process
25 hearing on behalf of Plaintiff with the Office of Administrative Hearings (OAH)
26 regarding the District's special education violations under the Individuals with
27 Disabilities Act (IDEA). The parties entered into a final settlement agreement
28 relating to due process case, which explicitly resolves only Plaintiff's special

COMPLAINT
5

education claims under IDEA and Cal. Ed. Code § 56000 *et seq.* over which the Office of Administrative Hearings has jurisdiction. Plaintiff's injuries cannot be redressed under the IDEA's due process procedures because OAH does not have jurisdiction over the claims stated in the present action. These are claims for discrimination properly brought under the statutes pled herein.

## FIRST CLAIM FOR RELIEF

(Violation of 42 U.S.C. §§ 12101, *et seq.* –

Against the DISTRICT and DOES 1-10)

26. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

27. Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101(a) (2).

28. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b) (1)-(2).

29. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

30. Pursuant to Title II public entities are required to provide meaningful access to their programs, services and activities. Specifically, public entities must "take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as

effective as communications with others." 28 C.F.R. §35.160(a)(1). To accomplish this, it must "furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." *Id.* at §35.160(b)(1). For a student with a speech disability, such as Plaintiff, a District must provide auxiliary aids or services such as a word or letter board, a computer and needed software, a portable device that writes and/or produces speech, and telecommunications services.

31. Further, public entities cannot provide programs, services or benefits to a person with a disability that are not equal to those provided to others or deny a person with a disability the opportunity to participate in programs, services or activities. 28 C.F.R. §35.130(b)(1)(iii). Public entities must also modify their policies and procedures when necessary to accommodate disability related needs, and cannot impose eligibility criteria that tend to screen out persons with disabilities. *Id.* at §35.130(b)(7) & (b)(8).

32. At all times relevant to this action, the DISTRICT is a "public entity" within the meaning of Title II of the ADA and provides a program, service or activity to the general public.

33. At all times relevant, including at the time of each alleged violation of the ADA, Plaintiff was a qualified individual with a disability within the meaning of the ADA in that he has Down Syndrome and has a speech disability.

34. At all times relevant, including at the time of each alleged violation of the ADA, the DISTRICT provided services, programs and activities in its public schools, and was obligated to provide Plaintiff with reasonable accommodations, auxiliary aids and services, and effective communication that he needed in order to enjoy meaningful access to the benefits of a public education, and otherwise not exclude his from its educational program.

35. The DISTRICT acted in violation of Title II of the Americans with Disabilities Act through failing to provide meaningful access to its educational program in violation of the above requirements, including, but not limited to, failing to provide Plaintiff with his required accommodations, aids and services in a timely and complete fashion, and for the most part failing to provide them at all.

36. Accordingly, the DISTRICT has violated Title II of the Americans with Disabilities Act, and Plaintiff thereon alleges that Defendant committed the acts and omissions alleged herein with intent and/or deliberate indifference to Plaintiff's rights, particularly given the length of time the problems persisted and the severity of the problems.

37. In addition, Defendant's acts and omissions alleged herein relating to segregating Plaintiff from non-disabled students are in violation of the Americans with Disabilities Act, 42 U.S.C. sections 12101, *et seq.*, and the regulations promulgated thereunder 28 C.F.R. Part 35, *et seq.*

38. Defendant's conduct violated and continues to violate the ADA and unless restrained from doing so, Defendant will continue to violate the ADA. Defendant's conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

39. Consequently, Plaintiff is entitled to injunctive relief pursuant to Section 308 of the ADA (42 U.S.C. section 12188). As a proximate cause of the actions of Defendant herein, Plaintiff is also entitled to a Declaration that Defendant's actions or omissions violate Plaintiff's rights under the ADA, Damages according to proof, Plaintiff's reasonable attorney's fees, Plaintiff's costs of suit incurred herein, including expert fees, and such other and further relief as the Court deems just and proper.

40. As a result of the foregoing, Plaintiff suffered injury, including, but not limited to, denial of meaningful access to the benefits of a public education. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered,

and continues to suffer loss of equal educational opportunity, as well as humiliation, hardship, anxiety, and depression, due to Defendant's failure to address accommodations, modifications, services and access required for Plaintiff's disabilities, and its exclusion of Plaintiff. Plaintiff seeks damages and attorneys' fees and costs as a result.

## SECOND CLAIM FOR RELIEF

(Violation of 29 U.S.C. §§ 794, *et seq.* –

Against the DISTRICT and DOES 1-10)

41. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

42. Under Section 504, a qualified individual with a disability may not, solely by reason of his/his disability, be subjected to discrimination, excluded from participation in, or denied the benefits of, any program or activity receiving Federal financial assistance.  29 U.S.C. § 794(a).

43. Under Section 504, the phrase "program or activity" includes a local educational agency.  29 U.S.C. § 794(b)(2)(B).

44. Under Section 504, public entities are required to provide meaningful access to their programs, services and activities. Specifically, the aids, benefits and services provided, must afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement." 34 C.F.R. §104.4(b)(2). Further, public entities may not "[p]rovide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others," *Id.* at §104.4(b)(1)(iii).

45. At all times relevant, including at the time of each alleged violation of Section 504, the DISTRICT received federal financial assistance as a public school.

46. At all times relevant, including at the time of each alleged violation of Section 504, Plaintiff was a qualified individual with a disability within the

meaning of Section 504 in that he has Down Syndrome and has a speech disability.

47. The DISTRICT acted in violation of Section 504 through failing to provide Plaintiff with his required accommodations, aids and services in a timely and complete fashion, and for the most part failed to provide them at all.

48. Accordingly, the DISTRICT has violated Section 504, and Plaintiff thereon alleges that Defendant committed the acts and omissions alleged herein with intent and/or deliberate indifference to Plaintiff's rights, particularly given the length of time the problems persisted and the severity of the problems.

49. As a result of the foregoing, Plaintiff suffered injury, including, but not limited to, denial of meaningful access to the benefits of a public education. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered, and continues to suffer loss of equal educational opportunity, as well as humiliation, hardship, anxiety and depression due to Defendant's failure to address accommodations, modifications, services and access required for Plaintiff's disabilities, and its exclusion of Plaintiff. Plaintiff seeks damages and attorneys' fees and costs as a result.

50. In addition, Defendant's acts and omissions described herein relating to segregating Plaintiff from non-disabled students have resulted in unequal access to the facilities, programs, services, and activities provided by Defendant as alleged herein in violation of 29 U.S.C. section 794, *et seq.*, the Rehabilitation Act of 1973, and the regulations promulgated thereunder, 34 C.F.R. Pt. 104, *et seq.*

51. Defendant has demonstrated a deliberate indifference that harm to Plaintiff's federally protected rights under 29 U.S.C. §§ 794, *et seq.* was substantially likely, and failed to act upon that likelihood.

52. Solely by reason of his disabilities, Plaintiff has been excluded from participation in, denied the benefit of, and subjected to discrimination in his

attempts to receive full and equal access to the facilities, programs, services, and activities offered by Defendant.

53. As a proximate cause of the actions of Defendant herein, Plaintiff is entitled to an order and judgment enjoining Defendant from violating Plaintiff's rights under 29 U.S.C. §§ 794, *et seq.*, a Declaration that Defendant's actions or omissions violate Plaintiff's rights under 29 U.S.C. §§ 794, *et seq.*, damages according to proof, Plaintiff's reasonable attorneys' fees, Plaintiff's costs of suit incurred herein, including expert fees, and such other and further relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF

(Violation of California Civil Code §§ 51, *et seq.* –

Against the DISTRICT and DOES 1-10).

54. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

55. California's Unruh Civil Rights Act prohibits discrimination against individuals with disabilities and also prohibits discrimination based on a person's disability or perceived disability.

56. Section 51 of the California Civil Code provides, in relevant part: "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

57. Under the Unruh Act, "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section." Civil Code §51(f).

58. The Unruh Act holds liable anyone who "denies, aids or incites a denial, or makes any discrimination or distinction contrary to" Section 51 of the California Civil Code for "each and every offense." Cal. Civ. Code § 52.

59. The DISTRICT is a business establishment for the purposes of the Unruh Act.

60. Defendants denied, or aided or incited a denial of, or discriminated with respect to Plaintiff's right by law to the full and equal advantages, accommodations, facilities, privileges and services associated with a public education.

61. The discriminating conduct of defendants was based on Plaintiff's disability.

62. The defendants also violated the Unruh Act by its failure to act in accordance with Federal and State laws designed to ensure that minors have free access to public schools and all of its benefits and privileges. The DISTRICT acted in contravention to the laws that would otherwise have protected Plaintiff from the DISTRICT's conduct.

63. The actions of Defendants constitute intentional discrimination against persons with disabilities and violate the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.*

64. The actions of the Defendant were the product of joint action between public entities and individual employees.

65. As a result of the foregoing, Plaintiff suffered injury, including, but not limited to, denial of meaningful access to the benefits of a public education. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered, and continues to suffer loss of equal educational opportunity, as well as humiliation, hardship, anxiety, and depression, due to Defendant's failure to address accommodations, modifications, services and access required for Plaintiff's disabilities, and its exclusion of Plaintiff.

66. Plaintiff seeks damages and attorneys' fees and costs as a result. Pursuant to California Civil Code § 52.1(f), Defendant is liable to Plaintiff in an amount totaling no less than $4,000 for every violation of California Civil Code

§51 *et seq.* or up to three times of actual damages.

## FOURTH CLAIM FOR RELIEF

(Violation of California Government Code §§ 11135, *et seq.* –

Against the DISTRICT and DOES 1-10)

67. Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs as though fully set forth herein.

68. Plaintiff is an individual with disabilities within the meaning of Section 11135(c) of the California Government Code.

69. Defendant receives financial assistance from the State of California sufficient to invoke the coverage of Sections 11135, *et seq.*, of the California Government Code.

70. Defendant employs more than fifty employees.

71. By its actions or inactions in refusing on the basis of disability to provide Plaintiff full and equal access to the facilities, programs, services, and activities of the DISTRICT, Defendant has denied Plaintiff's rights under Sections 11135, *et seq.*, of the California Government Code and the regulations promulgated thereunder.

72. Plaintiff has no adequate remedy at law. Unless the relief requested herein is granted, Plaintiff will suffer irreparable harm in that, on the basis of disability, he will once again be discriminated against and denied full and equal access to Defendant's facilities, programs, services, and activities.

73. As a proximate cause of the actions of Defendant herein, Plaintiff is entitled to an order and judgment enjoining Defendant from violating Plaintiff's rights under California Government Code §§ 11135, *et seq.*, a Declaration that Defendant's actions or omissions violate Plaintiff's rights under California Government Code §§ 11135, *et seq.*, damages according to proof, Plaintiff's reasonable attorney's fees, Plaintiff's costs of suit incurred herein, including expert fees, and such other and further relief as the Court deems just and proper.

## FIFTH CLAIM FOR RELIEF

(Violation of 42 U.S.C. Section 1983 - Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution – Against the DISTRICT and DOES 1-10).

74. Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs as though fully set forth herein.

75. Defendants' actions described herein have violated and continue to violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, in that Plaintiff, who is a student with disabilities, is either not provided programs, services, and activities that are provided to non-disabled students, or is provided programs, services, and activities that are not equal to, and are inferior to, the services provided to students are not physically disabled.

76. Defendants' actions described herein have violated and continue to violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, in that Plaintiff continues to be exposed to potential abuse because of his disabilities, which amounts to disability discrimination.

77. Defendants acted under the color of state law.

78. As a proximate cause of the actions of Defendants herein, Plaintiff is entitled to a Declaration that Defendants' actions or omissions violate Plaintiff's rights to equal protection under the Constitution of the United States, Damages according to proof, Plaintiff's reasonable attorney's fees, Plaintiff's costs of suit incurred herein, including expert fees and such other and further relief as the Court deems just and proper.

## SIXTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress - Against Defendants the DISTRICT and DOES 1-10)

79. Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs as though fully set forth herein.

80. The DISTRICT engaged in extreme and outrageous conduct when it intentionally committed the acts described herein.

81. As a result of the DISTRICT's extreme and outrageous conduct, Plaintiff has suffered severe emotional distress.

82. California Government Code section 820 provides that a public employee is liable for injury caused by his act or omission to the same extent as a private person.

83. California Government Code section 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment.

84. As a direct and proximate result of the actions of Defendants herein, Plaintiff has sustained Damages according to proof.

85. Plaintiff is entitled to recover her reasonable attorney's fees and costs.

## SEVENTH CLAIM FOR RELIEF

(Negligence - Against Defendants the DISTRICT and DOES 1-10).

86. Plaintiff incorporates, by reference herein, the allegations in Paragraphs 1 through 25 as though fully set forth herein.

87. California law has long imposed on school authorities a duty to supervise at all times the conduct of children on school grounds and to enforce those rules and regulations necessary for their protection.

88. As set forth extensively above, Defendants breached their duties, statutory and otherwise, to provide Plaintiff with an equal opportunity to access his education.

89. Defendants were aware of the probable dangerous consequences of their conduct, and willfully and deliberately failed to avoid those consequences. Defendants knew, or should have known, it was highly probable that harm would result from their actions described herein.

90. As the actual and proximate cause of Defendant's negligence, Plaintiff suffered severe emotional distress and continues to suffer severe emotional distress.

91. California Government Code section 820 provides that a public employee is liable for injury caused by his act or omission to the same extent as a private person.

92. California Government Code section 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his or her employment.

93. As a direct and proximate result of the actions of Defendants herein, Plaintiff has and continues to sustain Damages according to proof.

## EIGHTH CLAIM FOR RELIEF

(Violation of the Equal Protection Clause of the California Constitution, Article I, Section 7(a) & Article IV Section 16(a) - Against the DISTRICT and DOES 1-10)

94. Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs as though fully set forth herein.

95. Defendants' actions have violated and continue to violate Plaintiff's right not to be deprived of equal protection of the laws under California Constitution, Article I, Section 7(a) & Article IV Section 16(a), in that Plaintiff, who is a student with disabilities, is either not provided programs, services, and activities that are provided to non-disabled students, or is provided programs, services, and activities that are not equal to, and are inferior to, the services provided to students that are not physically disabled.

96. As a proximate cause of the actions of Defendants herein, Plaintiff is entitled to an order and judgment enjoining Defendants from violating Plaintiff's rights to equal protection under the California Constitution and a Declaration that Defendants' actions or omissions violate Plaintiff's rights to equal protection

under the California Constitution.

WHEREFORE, Plaintiff prays for relief as follows:

## PRAYER FOR RELIEF

1. An order and judgment enjoining Defendants from violating the Americans with Disability Act; Section 504 of the Rehabilitation Act of 1973; California Civil Code sections 51, *et seq.*, California Civil Code sections 54, *et seq.*, California Government Code section 11135, *et seq.*, California Education Code sections 200, 201, 220, and 260, *et seq.*, and the California Constitution;

2. For a Declaration that the DISTRICT's policies, practices, or procedures concerning the improper discipline/behavior management of children with disabilities denied their right to full and equal access to, and use and enjoyment of, the facilities, programs, services, and activities of DISTRICT as required by law;

3. For a Declaration that Defendants' actions or omissions violate Plaintiff's rights to equal protection under the Constitution of the United States;

4. For a Declaration that Defendants' actions or omissions violate Plaintiff's rights under the Equal Protection Clause of the California Constitution;

5. For damages according to proof;

6. For Plaintiff's reasonable attorney's fees;

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court deems just and proper.

DATED: February 20, 2019       SCHONBRUN SEPLOW
                               HARRIS & HOFFMAN LLP

                               RIVERS LAW, INC., APC

                                   *s/Wilmer J. Harris*
                               By: _____
                                   Wilmer J. Harris
                                   Stephanie T. Yu
                                   Attorney for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury for all of their causes of action.

DATED: February 20, 2019

SCHONBRUN SEPLOW
HARRIS & HOFFMAN LLP

RIVERS LAW, INC., APC

By: ____*s/Wilmer J. Harris*_____
Wilmer J. Harris
Stephanie T. Yu
Attorney for Plaintiffs