Wilmer J. Harris, SBN 150407
wharris@sshhlaw.com
Sherri Nazarian, SBN 275481
snazarian@sshhlaw.com
**SCHONBRUN SEPLOW**
**HARRIS & HOFFMAN LLP**
715 Fremont Ave., Suite A
South Pasadena, CA. 91030
Telephone No.: (626) 441-4129
Facsimile No.: (626) 283-5770

Surisa Rivers, SBN 250868
surisa@riverslawinc.com
Sarah Gross, SBN 292170
sarah@riverslawinc.com
**RIVERS LAW, INC., APC**
2600 Foothill Blvd. Suite 203
La Crescenta, CA 91214
Phone: (818) 330-7012
Fax: (213) 402-6077

Attorneys for Plaintiff J.G.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.G., a minor by and through his Guardians ad Litem, JOSE G. and MARTHA F.,<br><br>    Plaintiffs,<br><br>   vs.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, a public entity; Superintendent, AUSTIN BEUTNER and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:19-CV-1268-R-E<br><br>**FIRST AMENDED COMPLAINT**<br><br>1) THE AMERICANS WITH DISABILITIES ACT OF 1990;<br><br>2) SECTION 504 OF THE REHABILITATION ACT OF 1973<br><br>3) 42 U.S.C. SECTION 1983 (EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT);<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF, J.G., through his guardians ad litem, allege as follows:

**<u>INTRODUCTION</u>**

1.      This is a case involving the egregious actions and inactions of the Los Angeles Unified School District relating to its unlawful segregation of Plaintiff, a special education student with Downs Syndrome, for the first fifteen years of his education at the Lowman Special Education Center ("Lowman"); and its complete failure to provide him effective communication as mandated by federal anti-discrimination law.

2.      Plaintiff has been a student within LAUSD since 2004. Despite his strong potential and developmental abilities, which would have made a general education school appropriate for him, LAUSD placed him at Lowman, a fully segregated school, since he entered preschool in 2004. For 15 years, Plaintiff remained at Lowman without any opportunity to attend school with any non-disabled peers. The District failed to provide any information to parents about more integrated settings for Plaintiff or discuss any less segregated settings available.

3.      The District never offered Plaintiff an integrated educational setting until the end of the 2018-2019 school year when his parents requested a more integrated setting. As a result, from 2004 until the end of this school year, Plaintiff spent all day, every day only with other disabled peers, without access to any general education setting, or any opportunities to be integrated with the larger student population.

4.      Plaintiff has speech and language delays due to the severity of his disability. Nevertheless, the District denied him effective communication, refusing to allow him to bring his communication device to school, which his parents requested.

5.      The DISTRICT's failure to ensure effective communication with Plaintiff, to provide auxiliary aids to allow Plaintiff the equal opportunity to

_____

access his educational program, and the DISTRICT's forced segregation of Plaintiff constitute separate violations of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, among other disability laws.

6.     Plaintiff timely filed Tort Claims Notices under Government Code section 910 *et seq.* Defendants rejected the Tort Claims Notice on August 21, 2018.

7.     Due to both the nature of Plaintiff's disabilities, Plaintiff is at this point unable to describe all of the mistreatment directed at Plaintiff and the exact length of time the mistreatment was endured. Plaintiff expressly reserves his right to amend this Complaint to include additional facts and/or claims as discovery as this case proceeds.

## JURISDICTION

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1367 for claims arising under the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101, *et seq.*, 1343 for claims arising under the United States Constitution, and for claims arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. sections 794, *et seq.*

9.     This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. sections 2201 and 2202.

## VENUE

10.     Pursuant to 28 U.S.C. section 1391(b), venue is proper in the district in which this Complaint is filed, which is the judicial district in which the claims have arisen, the Central District of California.

## PARTIES

11.     Plaintiff is a seventeen-year-old student diagnosed with Down Syndrome. Plaintiff has a history of Down Syndrome, developmental delays, asthma, and strabismus (in both eyes). As a result of his Down Syndrome, he has a severe impairment in speech and language and cognitive impairments, among

1   other disabilities.

2       12.    Plaintiff lives within the LOS ANGELES UNIFIED SCHOOL

3   DISTRICT boundaries. He resides in Pacoima, California with his parents Martha

4   F. and Jose G. He is a person with a disability at all times referenced herein within

5   the meaning of all applicable state and federal disability non-discrimination laws.

6   This action is brought by Plaintiff's parents on his behalf as his guardians ad

7   litem.

8       13.    Plaintiff currently attends Charles Leroy Lowman Special Education

9   Center within LOS ANGELES UNIFIED SCHOOL DISTRICT (the DISTRICT).

10  He has been receiving special education services since 2004.

11      14.    Defendant the DISTRICT is a local government entity within the

12  meaning of Title II of the ADA, is a recipient of federal financial assistance within

13  the meaning of Section 504 of the Rehabilitation Act, and has at least 50

14  employees. The DISTRICT is sued in their own right and on the basis of the acts

15  of their officials, agents, and employees.

16      15.    Defendant AUSTIN BEUTNER is Superintendent of Los Angeles

17  Unified School District. The Superintendent accepts responsibility for the general

18  efficiency of the school system, including the policies, practices, procedures,

19  programs, activities, services, training, and employees of those schools. The

20  Superintendent is responsible for the development of the school staff, and for the

21  educational growth and welfare of the students, as well as for ensuring compliance

22  with state and federal laws. AUSTIN BEUTNER is sued in his official capacity.

23      16.    The names and capacities, whether individual, corporate, otherwise,

24  sued herein as DOES 1-10, inclusive, are presently unknown, and Plaintiff will

25  amend the Complaint to insert them when ascertained.  Plaintiff is informed and

26  believes and thereon alleges that each of these Defendants was a resident of this

27  district and/or has principal offices or was doing business in this district and was

28  and is responsible in some way for the events and damages alleged in this

_____
FIRST AMENDED COMPLAINT
3

Complaint.

17.     Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and at all times acting and performing, or failing to act or perform, within the course and scope of each similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, other is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

18.     Hereafter, references to "Defendants" shall include Paragraphs 14–16, inclusive, above.

### FACTUAL ALLEGATIONS

19.     Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs, as though fully set forth herein.

20.     From 2004 to present, Plaintiff attended school within the DISTRICT. Although J.G. has been eligible for special education since entering preschool within the DISTRICT to the present, the DISTRICT has not conducted *any* evaluations of him as required by Section 504 of the Rehabilitation Act.

21.     Additionally, despite Plaintiff being nonverbal and presenting with significant communication needs he has never been offered reasonable accommodations to allow him effective communication at school. For example, J.G. was not permitted to bring his communication device to school as requested by his parents.

22.     On June 2, 2017, J.G.'s parents informed the DISTRICT that J.G. was using an iPad at home for communication purposes and wanted to provide

that iPad to be used at school. The DISTRICT refused to implement the use of an iPad at school for J.G. due to the costs, despite J.G.'s parents offering to provide the iPad.

23.    Without any reliable or consistent way of communicating, J.G. was forced to experience frustration, humiliation and sadness at school.

24.    Additionally, each year Plaintiff was forced to attend school within the DISTRICT, he has not been permitted—without any basis—to attend school with any nondisabled children. Between 2004 to present, the DISTRICT continued to place Plaintiff with only disabled students without discussing or considering any more integrated placements. Instead, each year the DISTRICT offered only the most segregated setting available within the DISTRICT. As a result, Plaintiff remains within this fully segregated setting.

25.    On April 5, 2018, Plaintiff's parents filed a request for a due process hearing on behalf of Plaintiff with the Office of Administrative Hearings (OAH) regarding the District's special education violations under the Individuals with Disabilities Act (IDEA). The parties entered into a final settlement agreement relating to due process case, which explicitly resolves only Plaintiff's special education claims under IDEA and Cal. Ed. Code § 56000 *et seq*. over which the Office of Administrative Hearings has jurisdiction.

26.    Plaintiff's injuries cannot be redressed under the IDEA's due process procedures because OAH does not have jurisdiction over the claims stated in the present action. These are claims for discrimination properly brought under the statutes pled herein.

## **FIRST CLAIM FOR RELIEF**

(Violation of 42 U.S.C. §§ 12101, *et seq*. –

Against the DISTRICT and DOES 1-10)

27.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

28.     Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem."  42 U.S.C. § 12101(a) (2).

29.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities."  42 U.S.C. § 12101(b) (1)-(2).

30.     Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

31.     Pursuant to Title II public entities are required to provide meaningful access to their programs, services and activities. Specifically, public entities must "take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. §35.160(a)(1). To accomplish this, it must "furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, companions, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." *Id.* at §35.160(b)(1). For a student with a speech disability, such as Plaintiff, a District must provide auxiliary aids or services such as a word or letter board, a computer and needed software, a portable device that writes and/or produces speech, and telecommunications services.

32.     Pursuant to Title II public entities are required to provide meaningful

access to their programs, services and activities. Specifically, public entities cannot provide programs, services or benefits to a person with a disability that are not equal to those provided to others or deny a person with a disability the opportunity to participate in programs, services or activities. 28 C.F.R. §35.130(b)(1)(iii). Public entities must also modify their policies and procedures when necessary to accommodate disability related needs, and cannot impose eligibility criteria that tend to screen out persons with disabilities. *Id*. at §35.130(b)(7) & (b)(8).

33.    Moreover, a public entity has an obligation to administer their programs, services and activities in the most integrated setting appropriate. *See* 28 C.F.R. §35.130(d); 34 C.F.R. §104.34; *Olmstead v. Zimring*, 527 U.S. 581, 599 (1999) ("unjustified institutional isolation of persons with disabilities is a form of discrimination).

34.    At all times relevant to this action, the DISTRICT is a "public entity" within the meaning of Title II of the ADA and provides a program, service or activity to the general public.

35.    At all times relevant, including at the time of each alleged violation of the ADA, Plaintiff was a qualified individual with a disability within the meaning of the ADA in that he has Down Syndrome and has a speech disability.

36.    At all times relevant, including at the time of each alleged violation of the ADA, the DISTRICT provided services, programs and activities in its public schools, and was obligated to provide Plaintiff with reasonable accommodations, auxiliary aids and services, and effective communication that he needed in order to enjoy meaningful access to the benefits of a public education, and otherwise not exclude his from its educational program.

37.    The DISTRICT acted in violation of Title II of the Americans with Disabilities Act through failing to provide meaningful access to its educational program in violation of the above requirements, including, but not limited to,

failing to provide Plaintiff with his required accommodations, aids and services in a timely and complete fashion, and for the most part failing to provide them at all.

38.    Accordingly, the DISTRICT has violated Title II of the Americans with Disabilities Act, and Plaintiff thereon alleges that Defendant committed the acts and omissions alleged herein with intent and/or deliberate indifference to Plaintiff's rights, particularly given the length of time the problems persisted and the severity of the problems.

39.    In addition, Defendant's acts and omissions alleged herein relating to segregating Plaintiff from non-disabled students are in violation of the Americans with Disabilities Act, 42 U.S.C. sections 12101, *et seq.*, and the regulations promulgated thereunder 28 C.F.R. Part 35, *et seq.*

40.    Defendant's conduct violated and continues to violate the ADA and unless restrained from doing so, Defendant will continue to violate the ADA. Defendant's conduct, unless enjoined, will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

41.    Consequently, Plaintiff is entitled to injunctive relief pursuant to Section 308 of the ADA (42 U.S.C. section 12188). As a proximate cause of the actions of Defendant herein, Plaintiff is also entitled to a Declaration that Defendant's actions or omissions violate Plaintiff's rights under the ADA, Damages according to proof, Plaintiff's reasonable attorney's fees, Plaintiff's costs of suit incurred herein, including expert fees, and such other and further relief as the Court deems just and proper.

42.    As a result of the foregoing, Plaintiff suffered injury, including, but not limited to, denial of meaningful access to the benefits of a public education. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered, and continues to suffer loss of equal educational opportunity, as well as humiliation, hardship, anxiety, and depression, due to Defendant's failure to address accommodations, modifications, services and access required for

Plaintiff's disabilities, and its exclusion of Plaintiff. Plaintiff seeks damages and attorneys' fees and costs as a result.

## SECOND CLAIM FOR RELIEF

### SECTION 504 OF THE REHABILITATION ACT OF 1973

(Violation of 29 U.S.C. §§ 794, *et seq.* –

Against the DISTRICT and DOES 1-10)

43.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

44.     Under Section 504, a qualified individual with a disability may not, solely by reason of his/his disability, be subjected to discrimination, excluded from participation in, or denied the benefits of, any program or activity receiving Federal financial assistance.  29 U.S.C. § 794(a).

45.     Under Section 504, the phrase "program or activity" includes a local educational agency.  29 U.S.C. § 794(b)(2)(B).

46.     Under Section 504, public entities are required to provide meaningful access to their programs, services and activities. Specifically, the aids, benefits and services provided, must afford handicapped persons equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement." 34 C.F.R. §104.4(b)(2). Further, public entities may not "[p]rovide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others," *Id.* at §104.4(b)(1)(iii).

47.     Under Section 504 public entities are required to provide meaningful access to their programs, services and activities. Specifically, Public education providers must ensure that elementary and/or secondary education services are provided in the most integrated setting appropriate. *Id*. at §104.34. In addition, "In providing or arranging for the provision of nonacademic and extracurricular services and activities, including meals, recess periods, and the services and activities set forth in §104.37(a)(2), a recipient shall ensure that handicapped

_____
FIRST AMENDED COMPLAINT
9

persons participate with nonhandicapped persons in such activities and services to the maximum extent appropriate to the needs of the handicapped person in question." *Id*. at §104.34.

48.    If a recipient, in compliance with paragraph (a) of this section, operates a facility that is identifiable as being for handicapped persons, the recipient shall ensure that the facility and the services and activities provided therein are comparable to the other facilities, services, and activities of the recipient.

49.    Under Section 504, education providers are required to provide periodic assessments of students with disabilities, which "draw upon information from a variety of sources, including aptitude and achievement tests, teacher recommendations, physical condition, social or cultural background, and adaptive behavior" and ensure that the placement decision is made by a group of persons, including persons knowledgeable about the child to "ensure that the placement decision is made in conformity with §104.34." *Id*. at § 104.35.

50.    Furthermore, the public education provider must establish procedures for the periodic reevaluation of students who have been provided special education and related services. "A reevaluation procedure consistent with the Education for the Handicapped Act is one means of meeting this requirement." *Id*. at § 104.35.

51.    At all times relevant, including at the time of each alleged violation of Section 504, the DISTRICT received federal financial assistance as a public school.

52.    At all times relevant, including at the time of each alleged violation of Section 504, Plaintiff was a qualified individual with a disability within the meaning of Section 504 in that he has Down Syndrome and has a speech disability.

53.    The DISTRICT acted in violation of Section 504 through failing to

provide Plaintiff with his required accommodations, aids and services in a timely and complete fashion, and for the most part failed to provide them at all.

54.     The DISTRICT acted in violation of Section 504 through excluding Plaintiff from his educational program due to his disabilities, failing to provide an education to Plaintiff in the most integrated setting appropriate, failing to provide any periodic re-evaluations to ensure he was being educated in the most integrated setting appropriate, and failing to provide a full and meaningful educational program. Additionally, the DISTRICT acted in violation of Section 504 by not providing an educational setting at Lowman that was comparable to its general education settings, for example, by allowing a student to bring a communication device that he uses at home and not re-evaluating students at Special Education Center every three years as the DISTRICT does at general education schools.

55.     Accordingly, the DISTRICT has violated Section 504, and Plaintiff thereon alleges that Defendant committed the acts and omissions alleged herein with intent and/or deliberate indifference to Plaintiff's rights, particularly given the length of time the problems persisted and the severity of the problems.

56.     As a result of the foregoing, Plaintiff suffered injury, including, but not limited to, denial of meaningful access to the benefits of a public education. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered, and continues to suffer loss of equal educational opportunity, as well as humiliation, hardship, anxiety and depression due to Defendant's failure to address accommodations, modifications, services and access required for Plaintiff's disabilities, and its exclusion of Plaintiff. Plaintiff seeks damages and attorneys' fees and costs as a result.

57.     In addition, Defendant's acts and omissions described herein relating to segregating Plaintiff from non-disabled students have resulted in unequal access to the facilities, programs, services, and activities provided by Defendant as alleged herein in violation of 29 U.S.C. section 794, *et seq.*, the Rehabilitation

Act of 1973, and the regulations promulgated thereunder, 34 C.F.R. Pt. 104, *et seq.*

58.    Defendant has demonstrated a deliberate indifference that harm to Plaintiff's federally protected rights under 29 U.S.C. §§ 794, *et seq.* was substantially likely, and failed to act upon that likelihood.

59.    Solely by reason of his disabilities, Plaintiff has been excluded from participation in, denied the benefit of, and subjected to discrimination in his attempts to receive full and equal access to the facilities, programs, services, and activities offered by Defendant.

60.    As a proximate cause of the actions of Defendant herein, Plaintiff is entitled to an order and judgment enjoining Defendant from violating Plaintiff's rights under 29 U.S.C. §§ 794, *et seq.*, a Declaration that Defendant's actions or omissions violate Plaintiff's rights under 29 U.S.C. §§ 794, *et seq.*, damages according to proof, Plaintiff's reasonable attorneys' fees, Plaintiff's costs of suit incurred herein, including expert fees, and such other and further relief as the Court deems just and proper.

## <u>THIRD CLAIM FOR RELIEF</u>

(Violation of 42 U.S.C. Section 1983 - Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution –

Against the DISTRICT, AUSTIN BEUTNER and DOES 1-10).

61.    Plaintiff incorporates, by reference herein, the allegations in the foregoing paragraphs as though fully set forth herein.

62.    Defendants' actions described herein have violated and continue to violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, in that Plaintiff, who is a student with disabilities, is either not provided programs, services, and activities that are provided to non-disabled students, or is provided programs, services, and activities that are not equal to, and are inferior to, the services provided to students are not physically disabled.

63.    Defendants' actions described herein have violated and continue to violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, in that Plaintiff continues to be exposed to potential abuse because of his disabilities, which amounts to disability discrimination.

64.    Defendants acted under the color of state law.

65.    Defendant BEUTNER is liable as a supervisor because the actions described herein constituted culpable action or inaction in the training, supervision, and control of subordinates, acquiescence in the constitutional deprivation after a complaint was made, and showed a reckless or callous indifference to the rights of Plaintiff.

66.    As a proximate cause of the actions of Defendants herein, Plaintiff is entitled to an order and judgment enjoining Defendants from violating Plaintiff's rights to equal protection under the Constitution of the United States, a Declaration that Defendants' actions or omissions violate Plaintiff's rights to equal protection under the Constitution of the United States, Damages according to proof, Plaintiff's reasonable attorney's fees, Plaintiff's costs of suit incurred herein, including expert fees and such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays for relief as follows:

## PRAYER FOR RELIEF

1.    An order and judgment enjoining Defendants from violating the Americans with Disability Act; Section 504 of the Rehabilitation Act of 1973; and the Constitution of the United States;

2.    For a Declaration that the DISTRICT's policies, practices, or procedures concerning the denial of effective communication for and integration of children with disabilities denied their right to full and equal access to, and use and enjoyment of, the facilities, programs, services, and activities of DISTRICT

1    as required by law;

2            3.       For a Declaration that Defendants' actions or omissions violate

3    Plaintiff's rights to equal protection under the Constitution of the United States;

4            4.       For damages according to proof;

5            5.       For Plaintiff's reasonable attorney's fees;

6            6.       For costs of suit incurred herein; and

7            7.       For such other and further relief as the Court deems just and proper.

8

9    DATED:  July 1, 2019            SCHONBRUN SEPLOW
                                      HARRIS & HOFFMAN LLP

10                                    RIVERS LAW, INC., APC

11                                    *s/Wilmer J. Harris*

12                                    By: _____

13                                         Wilmer J. Harris
                                           Sherri Nazarian
                                           Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand trial by jury for all of their causes of action.

3

4

DATED:  July 1, 2019               SCHONBRUN SEPLOW
                                   HARRIS & HOFFMAN LLP

5

RIVERS LAW, INC., APC

6

                                        *s/Wilmer J. Harris*

7

By: _____
                                   Wilmer J. Harris

8

                                   Sherri Nazarian
                                   Attorney for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28