MICHELE M. GOLDSMITH (SBN 178222)
MATTHEW R. HICKS (SBN 191772)
BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024-4101
Telephone: 310.470.6110
Facsimile: 310.474.0931
mgoldsmith@bdgfirm.com; mhicks@bdgfirm.com

Attorneys for Defendant
LOS ANGELES UNIFIED SCHOOL DISTRICT

**FILING FEE EXEMPT PURSUANT TO GOVERNMENT CODE § 6103**

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

J.G., a minor, by and through his guardians ad litem, JOSE G. and MARTHA F.,

Plaintiff,

v.

LOS ANGELES UNIFIED SCHOOL DISTRICT,

Defendant.

Case No. 2:19-cv-1268-R-E

**DEFENDANT LOS ANGELES UNIFIED SCHOOL DISTRICT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**[FED. R. CIV. PROC. RULES 12(b)(1) AND 12(b)(6)]**

Date: 09/16/2019
Time: 10:00 am
Place: Courtroom 880
255 East Temple Street
Los Angeles, California 90012

(Filed separately but concurrently with:
1. Notice of Motion & Motion to Dismiss;
2. Request for Judicial Notice; and
3. (Proposed) Order)

# TABLE OF CONTENTS


I INTRODUCTION ..... 1

II FACTUAL BACKGROUND ..... 3

A. Plaintiff Settled His OAH Prior Due Process Proceeding Without Fully Exhausting His Administrative Remedies ..... 3

B. Plaintiff's First Amended Complaint is Based on Similar Factual Allegations As the OAH Due Process Complaint Asserting a Denial of a FAPE ..... 4

III APPLICABLE LEGAL STANDARDS ..... 5

A. FRCP 12(b)(1) ..... 5

B. FRCP 12(b)(6) ..... 5

IV ARGUMENT ..... 6

A. Plaintiff's First and Second Causes of Action are Barred and Should Be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies ..... 6

B. As to the ADA and Section 504 Causes of Action, the District's Motion Should Be Granted *Without* Leave to Amend as the Settlement of Plaintiff's IDEA Due Process Complaint Precludes Plaintiff from Amending to Assert Legally Permissible Federal Claims ..... 13

C. Plaintiff's Third Cause of Action Is Legally Impermissible ..... 14

D. Plaintiff's First, Second, and Third Causes of Action are Time-Barred by the Applicable Limitations' Periods ..... 14

V CONCLUSION ..... 15


BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

# TABLE OF AUTHORITIES

**Cases**

*A.F. ex rel. Christine B. v. Espanola Pub. Sch.*, 801 F.3d 1245 (10th Cir. 2015) ... 7, 8
*Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) ... 8
*Alexopulos v. San Francisco Unified Sch. Dist.*, 817 F.2d 551 (9th Cir. 1987) ... 3, 15
*Arbaugh v. Y&H Corp.*, 546 U.S. 500 S.Ct. 1235 (2006) ... 5
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ... 6
*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990) ... 6
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ... 6
*C.B. v. Sonora Sch. Dist.*, 691 F.Supp.2d 1123 (E.D. Cal. 2009) ... 13
*C.C. v. Rocklin Unified Sch. Dist.*, 2019 U.S.Dist. Lexis 27960, 2019 (E.D. Cal. 2/20/19) ... 3, 15
*D.D. v. Los Angeles Unified School Dist.*, Case No. 2:19-cv-00399-PA-PLA ... 1, 12
*Douglas v. Noelle*, 567 F.3d 1103 (9th Cir. 2009) ... 14
*Fry v. Napolean Cmt. Sch.*, 137 S.Ct. 743 (2017) ... passim
*Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1299, 1303 (9th Cir. 1992) ... 8
*J.M. v. Los Angeles Unified School District*, Case No. 2:18-01134-CBM-FFM ... 1, 12
*Jones v. Williams*, 297 F.3d 930 (9th Cir. 2002) ... 2, 3, 14, 15
*Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 S.Ct. 1673 (1994) ... 5
*L.D. v. Los Angeles Unified School Dist.* 2017 U.S. Dist. Lexis 63473, 2017 WL 1520417 (C.D. Cal. 2017) ... passim
*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) ... 6
*Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646 (9th Cir. 1988) ... 6

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

*Monell v. Dept. of Social Services of City of N.Y.*,
436 U.S. 658 S.Ct. 2018 (1978) .......... 2, 14
*Mueller v. Aulker*,
700 F.3d 1180 (9th Cir. 2012) .......... 13
*Mullin v. Las Alamitos Elementary Dist.*,
No. 03-5268 MMC, 2004 WL 2848021, at *19-20 (N.D Cal. 2004) .......... 15
*Paul G. v. Monterey Peninsula Unified Sch. Dist.*,
256 F.Supp.3d 1064 (N.D. Cal. 2017) .......... passim
*Payne v. Peninsula Sch. Dist.*,
653 F.3d 863 (9th Cir. 2011) .......... 8, 12
*S.B. v. Cal. Dept. of Education*,
327 F.Supp.3d 1218 (E.D. Cal. 2018) .......... 1, 9, 12, 13
*Sharkey v. O'Neal*,
778 F.3d 767 (9th Cir. 2015) .......... 3, 15
*Sopak v. Northern Mountain Helicopter Services*,
52 F.3d 817 (9th Cir. 1995) .......... 5
*Soto v. Clark Cty. Sch. Dist.*,
744 Fed.Appx. 529 (9th Cir. 2018) .......... 13
*Taylor v. List*,
880 F.2d 1040 (9th Cir. 1989) .......... 2
*Telesaurus VPC, LLC v. Power*,
623 F.3d 998, 1003 (9th Cir. 2010) .......... 13
*United States v. Cotton*,
535 U.S. 625 S.Ct. 1781 (2002) .......... 5
*Wellman v. Butler Area Sch. Dist.*,
877 F.3d 125 (3rd Cir. 2017) .......... 13
*White v. Lee*,
227 F.3d 1214 (9th Cir. 2000) .......... 5
*Will v. Michigan Dept. of State Police*,
491 U.S. 58 (1989) .......... 2, 14

**Statutes**

California Code of Civil Procedure § 335.1 .......... 15
Federal Rules of Civil Procedure 12(b)(1) .......... 1, 5, 6
Federal Rules of Civil Procedure 12(b)(6) .......... 1, 5, 6

**Other Authorities**

20 U.S.C. § 1400 .......... 7
20 U.S.C. § 1415 .......... 7, 8
42 U.S.C. § 1983 .......... 2, 14
Rehabilitation Act § 504 .......... passim

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

# MEMORANDUM OF POINTS AND AUTHORITIES

## I INTRODUCTION

Plaintiff J.G., by and through his guardians ad litem, Jose G. and Martha F.'s ("Plaintiff") First Amended Complaint is subject to a Federal Rules of Civil Procedure ("FRCP"), Rules 12(b)(1) and 12(b)(6) motion to dismiss on multiple grounds. Accordingly, Defendant Los Angeles Unified School District ("District") respectfully requests that this Court grant its Motion to Dismiss. Plaintiff's action should be dismissed in its entirety and with prejudice.

First, as to Plaintiff's First and Second Causes of Action for Violations of the American with Disabilities Act ("ADA") and section 504 of the Rehabilitation Act ("Section 504"), Plaintiff failed to exhaust his administrative remedies through his due process complaint to the Office of Administrative Hearings ("OAH") where he claimed the District denied him a free appropriate public education ("FAPE"). This First Amended Complaint mirrors the OAH due process complaint and sought-after FAPE relief. Indeed, comparing the OAH due process complaint against Plaintiff's First Amended Complaint confirms that what he seeks here is a repeat of what he sought in the OAH due process proceeding. (Request for Judicial Notice ["RJN"], Exh. A, at 4:15-12:3.)[1] Controlling law, including the U.S. Supreme Court decision *Fry v. Napolean Cmt. Sch*., 137 S.Ct. 743 (2017) ("*Fry*") and recent district court decisions, *S.B. v. Cal. Dept. of Education*, 327 F.Supp.3d 1218 (E.D. Cal. 2018), *Paul G. v. Monterey Peninsula Unified Sch. Dist*., 256 F.Supp.3d 1064 (N.D. Cal. 2017), *L.D. v. Los Angeles Unified School Dist*. 2017 U.S. Dist. Lexis 63473, 2017 WL 1520417 (C.D. Cal. 2017), *J.M. v. Los Angeles Unified School Dist.,* Case No. CV18-1134-CBM-FFMx (RJN, Exh. C), and *D.D. v. Los Angeles Unified School Dist.,* Case No. 2:19-cv-00399-PA-PLA (RJN, Exh. D), legally preclude filing a court action until the claimant *fully* exhausts IDEA and FAPE administrative remedies through the

---

[1] Exh. A to the RJN is a redacted copy of that OAH due process complaint.

OAH process.

Here, as to the First and Second Causes of Action, Plaintiff's Complaint confirms that he did *not* fully exhaust his IDEA remedies through the OAH due process proceeding because he settled that proceeding. (First Am. Compl., ¶ 25; see also RJN, Exh. B.) As such, *Plaintiff cannot validly plead exhaustion because it is undisputed that Plaintiff* ***did not pursue and complete the OAH administrative procedure through hearing, which is required to legally satisfy the exhaustion requirement***. (*Id.*) As such, *Fry* and controlling legal authority mandate that the Court dismiss the First and Second Causes of Action.

Second, the Third Cause of Action, for a Violation of Section 1983, Equal Protection Clause of the 14th Amendment, is legally impermissible against the District because prosecution of such a claim requires an allegation that an *individual* defendant caused a deprivation of the plaintiff's rights while acting under color of state law -- there is no respondeat superior arising against a public entity like the District. (42 U.S.C. § 1983; *Monell v. Dept. of Social Services of City of N.Y.*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)["there is no respondeat superior liability under section 1983"]; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)[requiring personal participation in an alleged constitutional violation].)[2] Further, the Eleventh Amendment bars section 1983 claims against state entities, like the District. (*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989)[a state entity is not a person within the meaning of section 1983, and thus subject to Eleventh Amendment immunity].)

Third, since Plaintiff alleges conduct that dates from "2004 to the present," the First Amended Complaint confirms the three causes of action are time-barred. The ADA claim is subject to a three-year limitations period, the section 504 claim subject

[2] Plaintiff added the District's Superintendent as a named defendant in the First Amended Complaint although he was not named in the original complaint. The District's Superintendent's responsive pleading is not yet due.

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

to a two-year limitations period, the section 1983 claim is subject to a two-year limitations period, and tolling does not apply to these claims. (*Sharkey v. O'Neal*, 778 F.3d 767 (9th Cir. 2015)[ADA claims subject to a three-year limitations period]; *C.C. v. Rocklin Unified Sch. Dist*., 2019 U.S.Dist. Lexis 27960, 2019 (E.D. Cal. 2/20/19)[section 504 claims subject to two-year limitations period]; *Jones v. Blanas*, 393 F.3d 918,7 (9th Cir. 2004)[because section 1983 does not contain a specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions, which in California is a two-year limitations period]; *Alexopulos v. San Francisco Unified Sch. Dist*., 817 F.2d 551 (9th Cir. 1987)[ADA and section 504 claims are not tolled during the time plaintiff is a minor].)

## II FACTUAL BACKGROUND

### A. Plaintiff Settled His OAH Prior Due Process Proceeding Without Fully Exhausting His Administrative Remedies

Plaintiff, a 17-year old male, is a student in the District "diagnosed with Down Syndrome. Plaintiff has a history of Down Syndrome, developmental delays, asthma, and strabismus (in both eyes). As a result of his Down Syndrome, he has a severe impairment in speech and language and cognitive impairments, among other disabilities." (First Am. Compl., ¶ 11.) Plaintiff alleges he has been deprived of "effective communication," that he was placed at a fully segregated, non-general education populated school, Lowman Special Education Center, and never offered him an "integrated" educational setting until the 2018-2019 school year. (*Id*., ¶¶ 1-5.) Plaintiff alleges he was not provided access to his educational services related to speech and language therapy including augmentative and alternative communication, occupational therapy, physical therapy, and allegedly the District would not let him use his Ipad at school. (*Id*., ¶¶ 20-22; see also RJN, Exh. A, at 4:15-26.) Plaintiff alleges the District has not done any "formal evaluations" of Plaintiff since he has been attending District schools since 2004. (*Id*., ¶ 20.) Further, Plaintiff alleges that "[f]or 15 years, Plaintiff remained at Lowman without any opportunity to attend

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

school with non-disabled peers." (*Id*., ¶ 2.)

On April 5, 2018, Plaintiff's legal guardians filed a request for due process with the OAH (First Am. Compl., ¶ 25; RJN, Exh. A) claiming a failure to provide Plaintiff with a FAPE under the IDEA based on multiple purported grounds, including allegations the District, among other things: (1) failed to conduct appropriate assessments; (2) failed to place Plaintiff in the "least restrictive environment;" (3) failed to meet Plaintiff's communication needs; (4) failed to assess in all areas of suspected need, "specifically relating to behavioral interventions and supports;" (5) failed to assess in all areas of suspected need, "specifically relating to occupational therapy and physical therapy;" (6) failed to complete an AT/AAC assessment; and (7) failed to include Plaintiff's parents as part of the IEP team. (RJN, Exh. A, at 12:5-19:16.) Plaintiff, however, did not complete his OAH administrative process, and thereby, did *not* exhaust his administrative remedies. (First Am. Compl., ¶ 25; RJN, Exh. B.) Instead, Plaintiff settled the OAH matter with the District. (*Id.*)

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

### B. **<u>Plaintiff's First Amended Complaint is Based on Similar Factual Allegations As the OAH Due Process Complaint Asserting a Denial of a FAPE</u>**

Through artful pleading (which the *Fry* Court advised lower courts to be cognizant of), Plaintiff's factual allegations in this federal action try and portray the Complaint as seeking separate and distinct relief from the FAPE rights prosecuted via the OAH due process complaint. However, upon close scrutiny, the same base allegations of a failure to provide educational needs and a FAPE in the due process complaint permeate this federal action. (First Am. Compl., ¶¶ 1-5, 21-24.) Indeed, the allegations in this action's paragraphs 21 through 24 appear to be a "copy and paste" job from the OAH due process complaint. (See RJN, Exh. A, at 4:15-12:3.)

Plaintiff's first two causes of action in the Complaint for a violation of ADA and Section 504, as referenced above, are based on the same factual allegations

denying a FAPE, taken from Plaintiff's prior OAH due process complaint. (See RJN, Exh. A, at 12:17-27 [alleged failure to provide any assessments], 15:3-16:10 [alleged failure to meet communication needs], and 18:17-19:6 [alleged failure to develop augmentative and alternative communication skills.) In addition, the two causes of action plead (similar to the OAH due process complaint) are that Plaintiff was denied "services, programs and activities in its public schools" (i.e., a failure to provide a FAPE), the District failed to provide "meaningful access to the benefits of a public education" (i.e., a failure to provide a FAPE) and he was otherwise excluded from "its educational program" (i.e., a denial of a FAPE). (First Am. Compl., ¶¶ 37, 54.)

## III APPLICABLE LEGAL STANDARDS

### A. FRCP Rule 12(b)(1)

A party asserting federal jurisdiction has the burden of pleading and proving a federal court has subject matter jurisdiction over a dispute. (*Kokkenen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114. S.Ct. 1673 (1994); *Sopak v. Northern Mountain Helicopter Services*, 52 F.3d 817, 818 (9th Cir. 1995).) A Rule 12(b)(1) motion may challenge the court's jurisdiction facially, based on the claim's legal sufficiency, or factually, based on the legal sufficiency of jurisdictional facts. (*White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).) Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. (*United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781 (2002).) Accordingly, a defendant can raise lack of subject matter jurisdiction through a motion to dismiss under FRCP Rule 12(b) (1). (*Arbaugh v. Y&H Corp*., 546 U.S. 500, 506, 126 S.Ct. 1235 (2006).) Where there is no subject matter jurisdiction, dismissal is required under FRCP Rule 12(h)(3). Challenging a complaint on the *Fry* exhaustion grounds is appropriate through an FRCP 12(b) (1) motion. (*L.D. v. Los Angeles Unified Sch. Dist*., Lexis 63473, 2017 WL 120417 *2-3 (C.D. Cal. 2017).)

### B. FRCP Rule 12(b)(6)

Federal Rule of Civil Procedure Rule 12(b)(6) allows a court to dismiss a

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

complaint for "failure to state a claim upon which relief can be granted." Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. (*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).) On a motion to dismiss for failure to state a claim, courts accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. (*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008).) The court may also consider matters properly subject to judicial notice. (*Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).)

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (*Ashcroft v. Iqbal*, 556 U.S. 662,663, (2009) [quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).) A formulaic recitation of the elements of a cause of action will not suffice. (*Twombly*, 550 U.S. at 555.) Labels and conclusions are insufficient to meet the plaintiff's obligation to provide the grounds of his or her entitlement to relief. (*Id.*) "Factual allegations must be enough to raise a right to relief above the speculative level." (*Id.)* If a complaint cannot be cured by additional factual allegations, then a dismissal without leave to amend is proper. (*Id.*)

Similar to FRCP Rule 12(b)(1), challenging a complaint on the *Fry* exhaustion grounds is appropriate through an FRCP Rule 12(b)(6) motion. (*L.D.*, *supra*, 2017 WL 1520417 *3.)

## IV ARGUMENT

### A. Plaintiff's First and Second Causes of Action are Barred and Should Be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies

Plaintiff's first two causes of action, for purported ADA and Section 504 violations, are legally barred because Plaintiff failed to exhaust his administrative remedies under the IDEA, and controlling authority, *Fry*, *supra*. Moreover,

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

Plaintiff's decision to settle the due process proceeding, rather than seek full exhaustion of administrative remedies through a due process hearing, precludes his ability to successfully amend his Complaint to allege exhaustion. As a result, the District's motion to dismiss should be granted.

Through the IEP process, the IDEA ensures that students with disabilities are provided with the special education placement, services, and supports necessary to receive a FAPE. (20 U.S.C. § 1400 et seq.) The Supreme Court has explained the IDEA's expansive scope in encompassing a disabled student's program:

> Under an IDEA, an "individualized education program, called an IEP for short, serves as the 'primary vehicle' for providing each child with the promised FAPE. [Citations.] Crafted by a child's IEP team – a group of officials, teachers, and parents – the IEP spells out a personalized plan to meet all of the child's 'educational needs.' [Citation.] Most notably, the IEP documents the child's current 'levels of academic achievement,' specifies 'measurable annual goals' for how she can 'make progress in the general education curriculum,' and lists the 'special education and related services' to be provided so that she can 'advance appropriately toward [those] goals.'"

(*Fry*, *supra*, 137 S.Ct. at 749.)

When disagreements arise on any issue within this expansive scope of a disabled student's education, "the IDEA establishes formal procedures for resolving disputes," including that "a dissatisfied parent may file a complaint as to any matter concerning the provision of a FAPE with the local or state educational agency." (*Fry*, *supra*, 137 S.Ct. at 749.) When a dispute like this emerges, the parent and student "must file an administrative complaint with local officials." (*A.F. ex rel. Christine B. v. Espanola Pub. Sch.*, 801 F.3d 1245, 1246 (10th Cir. 2015).) Statutory law then instructs parties to hold a "preliminary meeting" with an eye toward talking through the grievance and trying for an early resolution. (*Id.*, at 1246; see 20 U.S.C. § 1415(f)(1)(B)(i).) They can also choose to resolve their differences through mediation. (*Id.* at 1246.) But if no settlement satisfactory to both sides comes to pass, "the parties must proceed to a sort of trial, what IDEA calls an '[i]mpartial due process hearing.'" (*Id.*) "If the hearing still doesn't satisfy parent and student, an

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

administrative appeal may follow." (*Id*. at 1246.) If the parent and student still remain "aggrieved by the findings and decision made after this appeal process, they may then (and only then) 'bring a civil action' in federal court." (*Id*.; See 20 U.S.C. § 1415(i)(2)(A).)

Although the IDEA recognizes that disabled children are entitled to all of the "rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, Title V of the Rehabilitation Act of 1973, or other Federal Laws protecting the rights children with disabilities," the IDEA also mandates that before filing a civil action under such other federal laws to assert violations of FAPE and recover relief for educational harm, a "plaintiff must first exhaust the IDEA's administrative procedures." (*Fry*, *supra*, 137 S.Ct. at 748; see also 20 U.S.C. § 1415(l).) That is, to bring a lawsuit under federal law that "seek[s] relief that is also available under" the IDEA, Plaintiff must first "exhaust the procedures set forth in subsections (f) and (g) 'to the same extent as would be required had the action been brought under' IDEA." (*Espanola*, *supra*, 801 F.3d at 1246.) To "bring a civil action" under IDEA you must be "aggrieved the findings and decisions made" after the administrative appeals process (or trial process if no appeal process is provided). (*Id*.)

The Ninth Circuit provides that the exhaustion provision is designed to "allow for the exercise of discretion and educational expertise by state and local agencies, afford full protection of technical educational issues, further development of a complete factual record, and promote judicial efficiency by giving … agencies the first opportunity to correct shortcomings in their educational programs for disabled children." (*Payne v. Peninsula Sch. Dist*., 653 F.3d 863, 875-876 (9th Cir. 2011), overruled on other grounds by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), quoting *Hoeft v. Tucson Unified Sch. Dist*., 967 F.2d 1299, 1303 (9th Cir. 1992); see also *Paul G., supra,* 256 F.Supp.3d at 1075 [district court dismissed ADA and section 504 claims for plaintiff autistic student's failure to exhaust IDEA remedies through a full

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

OAH hearing]; *S.B. v. Cal. Dept. of Education*, supra, 327 F.Supp.3d 1218 [following *Fry*, *Payne*, and *Paul G.* in holding plaintiff's claims dismissed after motion to dismiss on failure to exhaust grounds].) "The exhaustion requirement is intended to prevent courts from acting as ersatz school administrators and making what should be expert determinations about the best way to educated disabled students." (*Payne*, *supra*, 653 F.3d at 876.)

As *Fry* confirms, to avoid the exhaustion requirement, a plaintiff must prove that "the gravamen of the plaintiff's suit is something other than the denial of the IDEA's core guarantee – what the Act calls a 'free appropriate public education.'" (*Fry*, 137 S.Ct. at 755.) If the plaintiff is seeking redress for the "denial of an appropriate education," i.e., a denial of FAPE, then the claims is subject to the mandatory exhaustion requirement. In deciding whether exhaustion is required, a court must look at the gravamen or substance of a plaintiff's complaint, "setting aside any attempts at *artful pleading*." (*Id*. at 755 [emphasis added].) This "examination should consider substance, not surface." (*Id*.) Regardless of artful pleading, such as the omission of FAPE-related or IDEA-related words, if the substance of the plaintiff's claims seek to litigate the adequacy of the FAPE, they are subject to dismissal if exhaustion has not occurred.

As the *L.D.*, *supra*, court explained:

> Defendant argues that Plaintiff's Complaint actually seeks to litigate the adequacy of the free appropriate public education ("FAPE") provided by Defendant to Plaintiff. If that's the case, then Plaintiff must first exhaust his claims through the administrative procedures established by the Individuals With Disabilities Education Act ("IDEA"). [Citation]. The IEP is the 'centerpiece of the statute's education delivery system,' and 'serves as the vehicle or means of providing a FAPE.' [Citation to *Fry*]. A suit that 'seek[s] relief for the denial of a FAPE must meet this exhaustion requirement.' [Citation]. '[i]n determining whether a suit indeed "seeks" relief for such a denial, a court look to the substance, or gravamen, of the plaintiff's complaint.' [Citation.] Thus, the inquiry does not hinge on whether a complaint uses the words 'FAPE' or 'IEP' specifically.

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

(*L.D.*, *supra*, 2017 WL 1520417 *2, 2017 U.S.Dist.Lexis 63473 *3-4.)

When the complaint expressly alleges a denial of FAPE (like Plaintiff's Complaint does here), the analysis is straightforward; but even when the complaint does not, the Court has identified "clues" that provide guidance as to whether a plaintiff is, in substance, advancing FAPE-based claims. One signal providing "strong evidence that a plaintiff's claim's substance concerns the denial of a FAPE, even if the complaint never explicitly uses that term," can be found by reviewing the plaintiff's "prior pursuit of administrative remedies." (*Fry*, 137 S.Ct. at 757.) "In particular, a court may consider that a plaintiff has previously invoked the IDEA's formal procedures to handle the dispute – thus starting to exhaust the Act's remedies before switching midstream." (*Id.*)

The Court identified an additional "clue" may be found by asking a pair of hypothetical questions: (1) "could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school – say a public theater or library?"; and (2) "could an adult at the school – say, an employee or visitor - have pressed essentially the same grievance?" (*Id.* at 756 [emphasis in the original].) If the answers to both questions are yes, then a "complaint *that does not expressly allege the denial of a FAPE* is also unlikely to be truly about that subject." (*Id.* [emphasis added].) "*But when the answer is no, then the complaint probably does concern a FAPE*, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim." (*Id.* [emphasis added]; see also *Paul G.*, *supra*, 256 F.Supp.3d at 1074.)

While Plaintiff's First Amended Complaint expressly asserts FAPE-based claims, there is no need to undertake the Supreme Court's two hypothetical questions. (*Fry*, 137 S.Ct. at 757, fn. 10 ["these questions help determine whether a plaintiff who has chosen to bring a claim under Title II or section 504 instead of the IDEA – and whose complaint makes no mention of a FAPE – nevertheless raises a claim

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

whose *substance* is the denial of an appropriate education"][emphasis in original].) ***That being said, addressing the two hypothetical questions, it is clear that the answer to the hypotheticals is "No."*** (See *Paul G*., *supra*. [district court similarly answered two hypotheticals with a "no."].)

First, Plaintiff ***could not have asserted*** the ADA or Section 504 claims in the First Amended Complaint against any other public facility but a school. For example, Plaintiff focuses on the District's special education program, the adequacy and District's implementation of his IEP, the lack of speech and language therapy provided to advance his educational needs, allegedly being segregated from his non-disabled peers, and the effect of a lack of communication support. (First Am. Compl., ¶¶ 1-5, 20–24.) Plaintiff contends the District failed to perform educational assessments (*Id*., ¶ 20), he requested but did not receive accommodations like communication services (*Id*., ¶¶ 21-23), and he was denied the opportunity to attend school with the general education population. (*Id*., ¶ 24.) Plaintiff alleges throughout the First Amended Complaint that the *educational support* the District did provide were inadequate to meet his *educational needs*. Plaintiff's two causes of action under the ADA and section 504 pertain to his educational program and could not have be brought against any other public facility except for his schools, as no other public entity "—say, a public theater or library" – has a legal obligation to provide Plaintiff with a FAPE.

Second, an adult could ***not have brought*** the same complaint against the District as Plaintiff does here. The First Amended Complaint focuses on the adequacy of Plaintiff's educational program being offered through the IEP's and the alleged lack of appropriate behavioral assessments, speech and language services, and integration with the general education student population. Only a minor can bring such claims; the District *has no such legal obligations to an adult*. Indeed, FAPE's "goal is to provide each child with meaningful access to education." (*Fry*, 137 S.Ct. at 755 [emphasis added].)

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

The instant case is similar to recent cases and rulings in *J.M. v. Los Angeles Unified School District*, Case No. 2:18-01134-CBM-FFM, and *D.D. v. Los Angeles Unified School District*, Case No. 2:19-CV-00399-PA-PLA. (RJN, Exhs. C and D.) There, on March 13, 2019, and June 14, 2019, respectively, the District Court, focusing on the two-prong *Fry* hypotheticals, issued Orders against plaintiffs dismissing their first amended complaints on the same grounds argued in this motion, i.e., failure to exhaust and comply with *Fry's* mandates. (RJN, Exhs. C and D.) Because the Court's two hypotheticals confirm in the instant case that the substance of Plaintiff's federal claims is an alleged FAPE-based denial, this is further support Plaintiff was required to exhaust his administrative remedies as a mandatory condition precedent prior to filing this federal action. Because he did not, as in *J.M.* and *D.D.*, Plaintiff's Complaint is subject to dismissal. And, the instant case is also similar to the matter at issue in the District's Court's 2017 ruling in *L.D.*, *supra*, where the Court granted the District's motion to dismiss for failure to exhaust administrative remedies on similar allegations.

Moreover, the district court in *S.B. v. Cal. Dept. of Education*, *supra*, addressed allegations that a student had severe behavioral and ADHD problems that resulted in the student being overly aggressive and violent at school. When one wades through the "artful pleading" by Plaintiff in the instant case, it is evident that the allegations here are similar to *S.B.* because the crux of the allegations in both cases focus on *educational needs*, i.e., FAPE-related remedies. The *S.B.* court conducted a detailed analysis of IDEA/OAH versus exhaustion issue, including evaluating *Fry*, *Payne*, and *Paul G*., and held that plaintiff's ADA and section 504 claims were predicated on a denial of FAPE *and thus exhaustion required*. (327 F.Supp.3d at 1247-1249.) *S.B.* is on point with the instant case, as well as the Court's ruling in the *J.M.* and *D.D.* cases (RJN, Exhs. B and C), the Court's ruling in the *L.D.*, *supra*, case, and *Paul G*, *supra*. That is, the Court here should, like the court did in *S.B.*, grant the District's motion to dismiss.

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

**B. <u>As to the ADA and Section 504 Causes of Action, the District's Motion Should Be Granted *Without* Leave to Amend as the Settlement of Plaintiff's IDEA Due Process Complaint Precludes Plaintiff from Amending to Assert Legally Permissible Federal Claims</u>**

Although it is true that a Court should generally allow leave to amend when granting a motion to dismiss, leave to amend need not be granted if the Plaintiff cannot demonstrate that amendment would result in legally viable claims. (*Mueller v. Aulker*, 700 F.3d 1180, 1191 (9th Cir. 2012); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).) Here, Plaintiff's settlement of his due process complaint renders his administrative exhaustion impossible, and therefore, he could not amend to state legally sufficient claims.

Although Plaintiff does not allege that he filed a due process complaint, it is not disputed that Plaintiff filed an OAH due process complaint (RJN, Exh. A), and it is further undisputed that he settled that complaint short of a full hearing. (Compl., ¶ 25; RJN, Exh. B.) However, entering into a settlement agreement resolving his due process proceeding ***did not excuse*** Plaintiff from exhausting his administrative remedies prior to bringing this lawsuit. Settlement of an IDEA dispute, without an actual hearing on the merits, neither equates to the "exhaustion" required to prosecute rights in a federal court litigation setting nor obviates the exhaustion requirement. (*Soto v. Clark Cty. Sch. Dist*., 744 Fed.Appx. 529, 530 (9th Cir. 2018); *Wellman v. Butler Area Sch. Dist*., 877 F.3d 125, 129-130 (3rd Cir. 2017); *Wheeler v. Cranston Sch. Comm*., 212 F.3d 41, 53 (1st Cir. 2000); *Paul G., supra*, 256 F.Supp.3d at 1077 [holding that the claimant's decision to settle rather than proceed with the full OAH hearing "does not obviate the exhaustion requirement"]; *S.B*., *supra*; *C.B. v. Sonora Sch. Dist*., 691 F.Supp.2d 1123, 1142-1145 (E.D. Cal. 2009).)

Plaintiff has not exhausted – and at this point under applicable legal authorities, cannot ever exhaust – his IDEA-based and FAPE-related claims, which claims are

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

alleged in Plaintiff's First Amended Complaint under the ADA and section 504. As Plaintiff cannot demonstrate he can cure the legal defects in his factual claims through amendment, leave to amend should not be granted.

**C. <u>Plaintiff's Third Cause of Action Is Legally Impermissible</u>**

Plaintiff's Fifth Cause of Action for a Violation of Section 1983, Equal Protection Clause of the 14th Amendment, is legally impermissible because to prosecute such a claim a plaintiff must allege that an *individual* defendant caused a deprivation of the plaintiff's rights while acting under color of state law -- a public entity has *no* respondeat superior liability. (42 U.S.C. § 1983; *Monell*, *supra*; *Jones, supra*.) Public entities, like the District, cannot be liable because it is not the public entity that allegedly perpetrated the constitutional violation. (*Id.*) Further, the Eleventh Amendment also bars section 1983 claims against state entities, like the District. (*Will, supra.*) As such, this cause of action is subject to dismissal.

**D. <u>Plaintiff's First, Second, and Third Causes of Action are Time-Barred by the Applicable Limitations' Periods</u>**

Plaintiff alleges that since 2004, "[f]or 15 years, Plaintiff remained at Lowman without any opportunity to attend school with any non-disabled peers." (First Am. Compl., ¶ 2.) He further alleges "from 2004 until the end of this school year, Plaintiff spent all day, every day only with other disabled peers." (*Id.*, ¶ 3.) He also alleges that "[f]rom 2004 to present, . . . the District has not conducted ***any*** evaluations of him as required by Section 504 of the Rehabilitation Act." (*Id.*, ¶ 20 [emphasis in the original].) Thus, Plaintiff alleges that his claims accrued many years in the past, and certainly well before the accrual of the applicable limitations' periods.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." (*Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009).) There is a three-year limitations period on the ADA claim, and a two-year limitations period on the section 504 Rehabilitation Act claim. (*Sharkey, supra,* 778 F.3d at 773 [ADA

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931

claims]; *C.C., supra,* 2019 U.S. Dist. Lexis 27960 at *10 [section 504 Rehabilitation Act claims].) Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. (*Jones*, *supra*, 393 F.3d at 927.) California statute of limitations for personal injury actions is two years. (Calif. Code of Civ. Proc. § 335.1; *Jones*, *supra*, 393 F.3d at 927.) It is obvious that Plaintiff's claims, based on his own allegations, arose *well before two years or three years of the date of the filing of this original complaint on February 20, 2019*.

It is anticipated that Plaintiff will argue tolling principles or continuing violations renders the applicable limitations period negated (although Plaintiff's First Amended Complaint nowhere mentions such tolling). In the case of minors, however, equitable tolling does *not* apply if the claims asserted are educational in nature and could have been brought by the minor's parent at an earlier date. (*Alexopulos, supra,* 817 F.2d 555-556; *Mullin v. Las Alamitos Elementary Dist*., No. 03-5268 MMC, 2004 WL 2848021, at *19-20 (N.D Cal. 2004).) As such, Plaintiff's own allegations confirm the applicable limitations period has long since run on his claims, which is another basis to grant this Motion.

## V **CONCLUSION**

For the aforementioned reasons, the District respectfully requests that you grant this Motion and dismiss Plaintiff's First Amended Complaint with prejudice.

DATED: July 15, 2019 BERGMAN DACEY GOLDSMITH

By: [signature]
MICHELE M. GOLDSMITH
MATTHEW R. HICKS
Attorneys for Defendant LOS ANGELES UNIFIED SCHOOL DISTRICT

BERGMAN DACEY GOLDSMITH
10880 Wilshire Blvd. Suite 900
Los Angeles, California 90024
Telephone: (310) 470-6110, Facsimile: (310) 474-0931